IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIE CLARENCE MAYS,

  Plaintiff,

vs.           CIVIL ACTION NO.: CV503-056

TONY HOWERTON, Warden;
STEVE ROBERTS, Deputy Warden;
LARRY COPELAND, Director of
Kitchen, and Sgt. MIKE GRIFFIN,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at Ware State Prison. Defendants filed a Motion for Summary Judgment to which Plaintiff filed a Cross-Motion for Summary Judgment.[1] Defendants filed a Response, and Plaintiff filed a "Supplemental Brief." For the reasons which follow, Defendants' Motion should be **GRANTED**, and Plaintiff's Cross-Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff alleges that the conditions under which he was housed at Ware State Prison violated his Eighth Amendment rights. Specifically, Plaintiff contends that he was not

---

[1] Plaintiff has titled his response to Defendants' Motion for Summary Judgment "Motion For Summary Judgment." Based upon the content of this document, the Court construes it as both a Response to Defendants' Motion and a Cross-Motion for Summary Judgment. (Dkt. No. 62.)

AO 72A
(Rev. 8/82)

provided with hygienic food, the food was served on unsanitary trays, the outdoor cages were unsanitary, the showers were unsafe and unsanitary, and the prison was unreasonably overcrowded. Plaintiff asserts that he informed Tony Howerton, Steve Roberts, Larry Copeland, and Sgt. Griffin of these problems, to no avail. (Dkt. No. 22, pp. 1, 2; Dkt. No. 23.)

Tony Howerton, Warden; Steve Roberts, Deputy Warden; Larry Copeland, Director of Kitchen; and Sgt. Griffin ("Defendants") contend that they are entitled to summary judgment because Plaintiff cannot carry his burden of proof. Defendants assert that even when the evidence is viewed in a light most favorable to him, Plaintiff has not shown the existence of a constitutional violation. Also, Defendants aver that Plaintiff's claims fail on the merits because his allegations are not supported by admissible evidence. (Dkt. No. 47, p. 4.) Finally, Defendants contend that Plaintiff has failed to provide evidence of a physical injury, and as such, he has failed to comply with the Prison Litigation Reform Act. (Id. at pp. 6-7.)

Plaintiff asserts that summary judgment is not proper because he has adequately demonstrated that he can "carry" his burden of proof. (Dkt. No. 62, p. 6.) Specifically, Plaintiff avers that the evidence he has provided is sufficient to show that the conditions of his confinement at Ware State Prison and Defendants' failure to correct these problems violated his Eighth Amendment rights. Finally, Plaintiff contends that the instant motion should be denied because his claims "hinge" on a question of law that should be submitted to a jury. (Id.)

## **STANDARD OF DETERMINATION**

The standard applicable to summary judgment motions is well-established in the Eleventh Circuit. Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2512, 91 L. Ed.2d 202 (1986)).

The moving parties bears the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a

3

summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat. Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

**Plaintiff's Assertion That Defendants Violated His Eighth Amendment Rights.**

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed.2d 22 (1993); Purcell ex rel. Estate of Morgan v. Toombs County, GA, 400 F.3d 1313, 1319 (11th Cir. 2005). To establish the existence of an Eighth Amendment violation, the prisoner must satisfy both an objective and a subjective component. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004.) Under the objective component, the prisoner must show that the conditions about which he complains are "sufficiently serious to violate the Eighth Amendment." Id. Specifically, the prisoner must show that he has been denied "'the minimal civilized measure of life's necessities.'" Id. (quoting Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). To satisfy the subjective component, the prisoner must show that the defendants acted with a sufficiently culpable state of mind. Id. Thus, the prisoner must show that defendants acted with "deliberate indifference." Id.

Plaintiff makes a variety of complaints regarding the conditions under which he was housed during his incarceration at Ware State Prison. He alleges that the food was not hygienic, often containing mosquitos, flies, roaches, and human excrement; the outdoor cages had such poor drainage that he was often forced to stand in rain water and bird feces; the showers were unsanitary and otherwise unsafe; and the prison was

4

unreasonably overcrowded. Plaintiff contends that he informed Defendants of these problems, however, they failed to take affirmative steps to correct these problems.

Defendants assert that they do not have a constitutionally imposed duty to provide Plaintiff with conditions of confinement which meet his personal standards. Defendants aver that so long as the conditions at Ware State Prison are "reasonable" and do not "shock the conscience of evolving standards of society," they have fulfilled their legal duty. (Dkt. No. 47, p. 5.) Defendants contend that Plaintiff's allegations, even when viewed in a light most favorable to him, do not suggest that the conditions about which he complains rose to the level of Eighth Amendment violations. Finally, Defendants assert that because Plaintiff's allegations do not rise to this level, they are entitled to summary judgment as a matter of law.

It is well-established that although prison conditions need not be comfortable, they should not be inhumane. Purcell, 400 F.3d at 1319; Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). "Restrictive and even harsh" prison conditions "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed.2d 59 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." Id.

To support his claims, Plaintiff has submitted an affidavit from inmate Clarence Sands dated September 22, 2003. In his affidavit, Sands asserts that the condition of the food at Ware State Prison is "bad," and the trays on which the food is served are unsanitary. (Dkt. No. 63, Ex. G.) Sands further asserts that Defendant Copeland, as Director of the Kitchen, is responsible for ensuring that inmates are provided with hygienic food. Sands contends that the shower doors are rusting, insulation is coming out of these

5

doors, and inmates are forced to contend with mosquitos when taking their showers. Sands avers that although Defendant Griffin is aware of the numerous problems with the showers, he refuses to correct the problems. Next, Sands alleges that the outdoor cages have such poor drainage that they retain rain and bird feces. Sands avers that Defendant Griffin has been notified about this problem with the cages, yet he has failed to take any affirmative steps to correct the problem. (Dkt. No. 63, Ex. G.)

Defendants have provided evidentiary materials which refute Plaintiff's allegations. Specifically, each Defendant has filed an affidavit which provides that Plaintiff's allegations are unfounded. (Dkt. No. 47, Exs. A, B, C, D.) Additionally, Defendants have submitted "Food Service Establishment Inspection Reports" from inspections conducted on the facilities at Ware State Prison by the Georgia Department of Human Resources. The Reports reveal that out of a possible 100 points, the prison facilities were awarded 99 points on June 28, 2001, November 2, 2001, and May 28, 2002. Further, on February 20, 2003 and June 25, 2003 the prison facilities were given a perfect score of 100 points. (Dkt. No. 47, Ex. E.)

In spite of his contentions and inmate Sands' affidavit, Plaintiff has failed to demonstrate that he was subjected to conditions "sufficiently serious" to constitute Eighth Amendment violations. Specifically, Plaintiff has failed to provide evidence tending to show that he was harmed as a result of the conditions at Ware State Prison or that Defendants showed a deliberate indifference to or reckless disregard of his health and safety. While Plaintiff makes many bare allegations that the conditions of confinement violated his Eighth Amendment rights, the record is devoid of evidence to support these allegations. Consequently, even when viewed in a light most favorable to Plaintiff, he has not shown

6

that he could meet his burden of proof at trial. Defendants are entitled to summary judgment.

It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment or Plaintiff's Cross-Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Dkt. No. 46) be **GRANTED**, and that Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 62) be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 29th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

MAYS

)

vs ) CASE NUMBER CV503-56

HOWERTON, ET AL ) DIVISION WAYCROSS

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/29/05 , which is part of the official record of this case.

Date of Mailing: 7/29/05

Date of Certificate  [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

Name and Address

John Cannon
Willie Mays, 408199, Macon State Prison, P.O. Box 426, Oglethorpe, GA 31568

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate